UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| RICHARD E. HASKINS, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>EMPLOYERS INSURANCE OF WAUSAU, et al.,<br><br>        Defendants. | No. C 14-01671 JST (LB)<br><br>**ORDER REGARDING THE PARTIES' JOINT DISCOVERY DISPUTE LETTER DATED DECEMBER 10, 2014**<br><br>[Re: ECF No. 48] |

## INTRODUCTION

On December 10, 2014, plaintiffs and counter-defendants Richard Haskins, Arthur Haskins and the Estate of Arthur "Buzz" Haskins, Jr. (collectively, "Plaintiffs") and defendants and counter-claimants Employers Insurance of Wausau and Nationwide Indemnity Company (collectively, "Wausau") filed a joint discovery dispute letter regarding documents and testimony related to mediations held in an underlying lawsuit, *Haskins vs. Cherokee Grand Avenue LLC*, U.S.D.C., N.D. Cal., Case No. 3:11-cv-05142-JST (the "Underlying Action"). Upon consideration of the parties' joint discovery dispute letter and the arguments of counsel at the January 8, 2015 hearing, the court rules as follows.

## STATEMENT

On October 20, 2011, Plaintiffs filed the Underlying Action to address environmental contamination in the vicinity of certain property they own in South San Francisco. The defendants

in the Underlying Action (collectively, "Cherokee") filed a counterclaim against Plaintiffs asserting causes of action for cost recovery under 42 U.S.C. § 9607(a) and declaratory relief under 42 U.S.C. § 9613(g)(2). Plaintiffs tendered that counterclaim to Wausau and requested a defense under policies that Wausau had issued to Plaintiffs. Plaintiffs contend that the counterclaim sought damages that were potentially within the coverage of those policies and, thus, that Wausau had a duty to defend Plaintiffs against that counterclaim in the Underlying Action.

In response, Wausau reserved its rights and investigated the counterclaim. Wausau then negotiated a proposed settlement of the counterclaim with Cherokee, pursuant to which it agreed to pay Cherokee $11,894.94 to settle Cherokee's past costs. Plaintiffs, however, objected to the proposed settlement because it did not involve a dismissal with prejudice of any claims for future costs. Wausau then gave Plaintiffs the option of either agreeing to the proposed settlement of the counterclaim, or assuming their defense against it. Plaintiffs refused to agree to the proposed settlement and deny that, by doing so, they assumed responsibility for their own defense.

On June 13, 2012, Cherokee and Plaintiffs participated in a mediation in the Underlying Action before mediator John Skelton. In advance of the mediation, Plaintiffs provided Defendants a copy of their mediation statement. The parties did not reach a settlement at that mediation.

Later, Wausau and Cherokee decided to try to settle the latter's counterclaim over Plaintiffs' objection on the terms that they had previously agreed to. Cherokee filed a motion to dismiss its counterclaim for future costs without prejudice. Plaintiffs opposed that motion.

On March 19, 2013, Cherokee and Plaintiffs participated in a mediation before Judge Alfred Chiantelli (Ret.). Plaintiffs invited Wausau to attend the mediation and provided it a copy of their mediation statement. Plaintiffs also emailed Wausau during the course of the mediation about the amounts Cherokee was demanding in settlement. At the mediation, Cherokee and Plaintiffs reached a settlement, which provides for the following: (1) entry of judgment for Cherokee and against Plaintiffs on Cherokee's counterclaim in the amount of $1.7 million, executable only against Plaintiffs' insurance assets, with such recovery, if any, generally to be deposited in the San Bruno Channel Remediation Trust ("Remediation Trust"); (2) assignment of such judgment to the Remediation Trust; (3) appointment of Plaintiff Richard Haskins as Trustee of the Remediation

Trust generally without compensation; (4) dismissal with prejudice of Plaintiffs' First Amended Complaint; (5) deposit by Cherokee of $150,000 into an attorney trust fund; and (6) transfer of that money ($150,000) into the Remediation Trust if, within five years, $1.2 million is deposited into the Remediation Trust from any source. Also on March 19, 2013, Cherokee withdrew its motion to dismiss its counterclaim for future costs without prejudice. On August 28, 2013, the district court entered a Judgment Pursuant to Stipulation consistent with the settlement. Wausau did not agree to the settlement.

On April 10, 2014, Plaintiffs filed this lawsuit, which seeks, inter alia, to recover the amount of that stipulated judgment as well as damages for breach of the contractual duty to defend and of the implied covenant of good faith and fair dealing. On September 10, 2014, Plaintiffs served their initial disclosures, which lists "Hon. Alfred G. Chiantelli (ret.)" under the heading "Witnesses" and identifies the underlying "mediation" and "settlement" as subjects of discoverable information. Plaintiffs' initial disclosures also state that "Plaintiffs reserve their right to assert, and do not waive, the attorney-client privilege, the mediation privilege, the attorney work product protection, or any other protection or privilege that they or their attorneys have in any information, documents, or communications." As part of their Rule 26(a) document production, Plaintiffs produced to Defendants copies of their statements from both the June 13, 2012 and March 19, 2013 mediations. By letter dated October 23, 2014, Plaintiffs requested that Wausau destroy all mediation and/or settlement related documents they produced on the ground that they had just found out that Cherokee had decided not to waive its mediation and settlement privileges.

The following week, Wausau deposed three key witnesses: Stephen McKae (counsel for Cherokee in the Underlying Action), Plaintiff Richard Haskins, and Plaintiff Arthur Haskins. During those depositions, the witnesses were instructed by their attorneys not to answer questions concerning settlement discussions that occurred in connection with the mediations in the Underlying Action.

The parties filed the pending joint discovery dispute letter on December 10, 2014. Wausau seeks an order (1) confirming that it is not required to destroy copies of Plaintiffs' mediation statements from the Underlying Action and permitting their use in this litigation, and (2) directing Plaintiffs to

provide deposition testimony regarding statements they made during the mediation. The court held a hearing on the matter on January 10, 2015.

## ANALYSIS

Plaintiffs contend that Wausau seeks information protected from disclosure by California's so-called "mediation privilege."[1] *See* Cal. Evid. Code § 1119; *Cassel v. Superior Court*, 51 Cal. 4th 113, 130 (2011)). It is true that "[i]n California, certain documents and communications pertaining to mediation are generally inadmissible in civil litigation." *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007) (citing Cal. Evid. Code § 1119). California Evidence Code § 1119 provides in full:

> Except as otherwise provided in this chapter:
>
> (a) No evidence of anything said or any admission made for the purpose of, in the course of, or pursuant to, a mediation or a mediation consultation is admissible or subject to discovery, and disclosure of the evidence shall not be compelled, in any arbitration, administrative adjudication, civil action, or other noncriminal proceeding in which, pursuant to law, testimony can be compelled to be given.
>
> (b) No writing, as defined in Section 250, that is prepared for the purpose of, in the course of, or pursuant to, a mediation or a mediation consultation, is admissible or subject to discovery, and disclosure of the writing shall not be compelled, in any arbitration, administrative adjudication, civil action, or other noncriminal proceeding in which, pursuant to law, testimony can be compelled to be given.
>
> (c) All communications, negotiations, or settlement discussions by and between participants in the course of a mediation or a mediation consultation shall remain confidential.

These provisions are strictly construed, *Cassel*, 51 Cal.4th at 118, so unless a statement or document falls squarely within an express statutory exception to mediation confidentiality, it will be inadmissible, *Foxgate Homeowners' Ass'n v. Bramalea Cal., Inc.*, 26 Cal. 4th 1, 14 (2001).

Wausau points out that California Evidence Code § 1122 provides one such statutory exception. That provision provides that "[a] communication or a writing, as defined in [California Evidence Code §] 250, that is made or prepared for the purpose of, or in the course of, or pursuant to, a mediation or a mediation consultation, is not made inadmissible, or protected from disclosure, by provisions of this chapter" *unless* (1) "[a]ll persons who conduct or otherwise participate in the

---

[1] As this action is before the court based on diversity jurisdiction, questions regarding the application of privileges are governed by California law. *See* Fed. R. Evid. 501.

mediation <u>expressly agree</u> in writing, or orally in accordance with [California Evidence Code §] 1118, to its disclosure, and the communication, document, or writing does not disclose anything said or done or any admission made in the course of the mediation," *or* (2) "[t]he communication, document, or writing <u>was prepared by or on behalf of fewer than all the mediation participants</u>, <u>those participants expressly agree</u> in writing, or orally in accordance with [California Evidence Code §] 1118, to its disclosure, and the communication, document, or writing, does not disclose anything said or done or any admission made in the course of the mediation." Cal. Evid. Code § 1122(a) (emphasis added).

So, are the mediation statements protected? Subsection (a)(1) requires all persons who conducted or otherwise participated in the mediation to expressly agree to their disclosure, and there is no evidence that such is the case here, as it is undisputed that Cherokee has refused to waive the mediation privilege.

Wausau thus focuses the court's attention on Subsection (a)(2). Under that subsection, if the communication, document, or writing was prepared by or on behalf of fewer than all the mediation participants, those participants can expressly agree to waive the mediation privilege. Here, the mediation statements were prepared by Plaintiffs only—that is, by fewer than all of the mediation participants—so the court must decide whether Plaintiffs expressly agreed to the mediation statements' disclosure. Wausau argues that Plaintiffs did agree because Plaintiffs did the following: (1) voluntarily produced the mediation statements to Wausau in the Underlying Action and as part of their initial disclosures in this action; (2) identified Judge Chiantelli as a witness and the mediations and settlement as subjects of discoverable information in their initial disclosures in this action; and (3) stated during Richard Haskins's deposition that they were willing to produce the mediation statements to Defendants but could not because Cherokee objected to their doing so; and (4) stated (through their counsel) in a letter that "if the Cherokee parties change their position or is some other accommodation can be reached that would permit the disclosure of [the mediation statements], we will promptly produce them to you anew." (*See* Martin Decl., Ex. A, ECF No. 55-1 (Plaintiffs' counsel's letter); *id.*, Ex. B, ECF No. 55-2 (Richard Haskins's deposition transcript); *id.*, Ex. C, ECF No. 55-3 (Plaintiffs' initial disclosures).)

Only one of these facts is relevant here. As Plaintiffs note, Subsection (a)(2) requires the mediation statement preparer (i.e., Plaintiffs) to expressly agree in writing, or orally in accordance with California Evidence Code § 1118, to their statements' disclosure. Plaintiffs' previous production of the statements and their inclusion of Judge Chiantelli as a witness and of the mediations and settlement as subjects of discoverable information in their initial disclosures, while strong evidence of an implied waiver, is not an express waiver, and an express waiver is required. *See Simmons v. Ghaderi*, 44 Cal. 4th 570, 585-88 (Cal. 2008). Nor does Plaintiffs' statement during Richard Haskins's deposition help. That statement was made orally, and neither party argues that it is an oral agreement under California Evidence Code § 1118.[2] That leaves Plaintiffs' counsel's letter. (*See* Martin Decl., Ex. A, ECF No. 55-1.) Upon review, the court believes that the letter does demonstrate Plaintiffs' express agreement in writing to the disclosure of their mediation statements. Plaintiffs' counsel mentions Cherokee's objection (by referencing the Wendell Rosen firm's intent to assert the mediation privilege on Cherokee's behalf), but Cherokee's objection is irrelevant under Subsection (a)(2), and Plaintiffs' counsel clearly states that Plaintiffs are otherwise willing to disclose the mediation statements. Thus, the court finds that Plaintiffs' expressly waived the mediation privilege under California Evidence Code § 1122 with respect to their mediation statements.[3]

---

[2] "Oral agreements in accordance with section 1118 occur when: (a) the oral agreement is recorded by a court reporter, tape recorder, or other reliable means of sound recording; (b) the terms of the oral agreement are recited on the record in the presence of the parties and the mediator, and the parties express on the record that they agree to the terms recited; (c) the parties to the oral agreement expressly state on the record that the agreement is enforceable or binding or words to that effect; and (d) the recording is reduced to writing and the writing is signed by the parties within 72 hours after it is recorded." *Simmons v. Ghaderi*, 44 Cal. 4th 570, 579 (Cal. 2008).

[3] The parties also argue in their letter about whether Plaintiffs waived the confidentiality protections found in this District's ADR Local Rule 6-12. That rule governs the confidentiality of mediation and provides in relevant part:

> (a) Confidential Treatment. Except as provided in subdivision (b) of this local rule, this court, the mediator, all counsel and parties, and any other persons attending the mediation shall treat as "confidential information" the contents of the written Mediation Statements, anything that happened or was said, any position taken, and any view of the merits of the case expressed by any participant in connection with any mediation. "Confidential

**CONCLUSION**

Accordingly, the court rules that Plaintiffs expressly waived the mediation privilege under California Evidence Code § 1122 with respect to their mediation statements. Wausau does not need to return them to Plaintiffs. Plaintiffs must respond to deposition questions concerning the mediation statements.

---

information" shall not be:

(1) Disclosed to anyone not involved in the litigation;
(2) Disclosed to the assigned judge; or
(3) Used for any purpose, including impeachment, in any pending or future proceeding
in this court.

(b) Limited Exceptions to Confidentiality. This rule does not prohibit:

(1) Disclosures as may be stipulated <u>by all parties and the mediator</u>;
(2) Disclosures as may be stipulated <u>by all parties</u>, without the consent of the mediator, for use in a subsequent confidential ADR or settlement proceeding;
(3) A report to or an inquiry by the ADR Magistrate Judge pursuant to ADR L.R. 2-4 regarding a possible violation of the ADR Local Rules;
(4) The mediator from discussing the mediation with the court's ADR staff, who shall maintain the confidentiality of the mediation;
(5) Any participant or the mediator from responding to an appropriate request for information duly made by persons authorized by the court to monitor or evaluate the court's ADR program in accordance with ADR L.R. 2-6; or
(6) Disclosures as are otherwise required by law.

N.D. Cal. ADR L.R. 6-12(a)-(b) (emphasis added). Unlike California Evidence Code § 1122, ADR Local Rule 6-12 does not allow for disclosure upon the consent of one of several parties to a mediation. Wausau notes that disclosure is allowed when "otherwise required by law," and argues that Federal Rule of Civil Procedure 26 requires Plaintiffs to include the mediations in their initial disclosures, but this is not the type of legal requirement contemplated by the ADR rule. *See* Commentary to N.D. Cal. ADR L.R. 6-12. Accordingly, even though the court already found that California law applies to this dispute, it is clear that ADR Local Rule 6-12 does not permit disclosure.

C 14-01671 JST (LB)
ORDER                                                  7

**IT IS SO ORDERED.**

Dated: January 28, 2015

_____
LAUREL BEELER
United States Magistrate Judge