Bret A. Stone   SBN 190161   BStone@PaladinLaw.com
John R. Till    SBN 178763   JTill@PaladinLaw.com
Brian R. Paget  SBN 168694   BPaget@PaladinLaw.com
PALADIN LAW GROUP® LLP
1176 Boulevard Way
Walnut Creek, CA  94595
Telephone:   (925) 947-5700
Facsimile:   (925) 935-8488

Counsel for Plaintiffs
Richard E. Haskins, Arthur Haskins, and
Estate of Arthur "Buzz" Haskins, Deceased

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| RICHARD E. HASKINS, as an individual and as trustee of the San Bruno Channel Remediation Trust; ARTHUR L. HASKINS, as an individual; and ESTATE OF ARTHUR "BUZZ" HASKINS, JR., a deceased individual, by and through his successors in interest, Richard E. Haskins and Arthur L. Haskins,<br><br>Plaintiffs,<br><br>v.<br><br>EMPLOYERS INSURANCE OF WAUSAU, a Wisconsin corporation; and NATIONWIDE INDEMNITY COMPANY, an Ohio corporation; *et al.*,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No. 3:14-cv-01671-JST<br><br>STIPULATION AND (PROPOSED) ORDER GRANTING LEAVE TO PLAINTIFFS AND DEFENDANTS TO FILE MULTIPLE SUMMARY JUDGMENT MOTIONS |

The parties have met and conferred following this Court's Order Granting Motion for Summary Judgment (ECF No. 58) regarding the duty to defend. The Court will recall that, in its Order, it held only that "Wausau owed a duty to defend [Plaintiffs] against Cherokee's counterclaims in the underlying action." ECF No. 58 at 6:10-11. Plaintiffs' motion did not present, and the Court did not decide, whether Wausau breached its duty to defend or whether



1  "Plaintiffs' actions in rejecting a settlement that Wausau reached with Cherokee violated the
2  policy's cooperation clause, resulting in Plaintiffs' assumption of responsibility for their own
3  defense. . . ." *Id.* at fn. 2, 3:26-28; *see also id.,* at 6:11-14 ("The Court again notes that Plaintiffs
4  have not requested summary judgment on any other issue, including the questions of whether
5  Wausau breached that duty or whether Plaintiffs took action that resulted in the forfeiture of that
6  duty."). The parties agree that the Court can and should decide those two issues—whether Defen-
7  dants breached the duty to defend and whether Plaintiffs took actions that resulted in the forfeit-
8  ure of that duty—now as a matter of law by way of cross motions for partial summary judgment.

9        The parties believe that those two issues are threshold questions upon which the other
10 remaining issues in this action depend, including, for instance, whether and, if so, to what extent,
11 Defendants are liable to Plaintiffs for breach of the duty to defend, and whether Defendants might
12 be liable on the stipulated judgment from the underlying action. Accordingly, rulings from the
13 Court on these two issues may focus and streamline the parties' further discovery and motion
14 practice in this action, and may also jump start and facilitate their settlement discussions—at least
15 on some aspects of this action, if not the entire action.

16       The parties also believe that they will likely be ready to present these two issues to the
17 Court in their moving papers, and to prepare their oppositions to each other's motions, with little,
18 if any, additional discovery, based largely on stipulated facts. On this point, the parties have
19 committed themselves to work together in good faith to try to stipulate to as many of the relevant
20 facts and to the authenticity and admissibility of as many of the relevant documents as possible.
21 That said, as the parties prepare their moving papers, or once they see each other's moving
22 papers, they may decide that they need more time to investigate, gather evidence, conduct
23 discovery, etc. Accordingly, the parties hereby reserve their right under Rule 56 to ask the Court
24 for an extension of time for the parties to brief, or for the Court to hear or decide, their motions in
25 order to allow the parties additional time to investigate, gather evidence, conduct discovery, etc.,
26 and to present additional evidence to the Court in connection with such motions.

27       If the parties do file cross motions for partial summary judgment as contemplated herein,
28 they do not wish to be prevented from filing additional summary judgment or partial summary

judgment motions later, if appropriate, and after additional discovery as may be necessary. Accordingly, Plaintiffs hereby request leave of Court to file more than two (since they have already filed one) motions for summary judgment or partial summary judgment, and Defendants hereby request leave of Court to file more than more motion for summary judgment or partial summary judgment. *See* Standing Order For All Civil Cases Before District Judge Jon S. Tigar, at ¶ D (Each party is limited to one summary judgment motion and "[a]ny party wishing to exceed this limit must request leave of court and must show good cause.").

In sum, the parties hereby request leave of Court to file cross-motions for partial summary judgment on (1) whether Defendants breached their duty to defend and (2) whether Plaintiffs took actions that resulted in the forfeiture of that duty. The parties propose the following briefing schedule: moving papers due April 24, 2015; opposition papers due May 22, 2015; and reply papers due June 5, 2015. The parties agree to meet and confer on a date and time for both motions to be heard together.

THE PARTIES SO STIPULATE.

DATED: March 10, 2015         PALADIN LAW GROUP® LLP

                              By:   /s/
                                    BRIAN R. PAGET
                                    Counsel for Plaintiffs
                                    Richard E. Haskins,
                                    Arthur L. Haskins, and
                                    The Estate of Arthur "Buzz"
                                    Haskins, Jr., Deceased

DATED: March 9, 2015          BARBER LAW GROUP

                              By:   /s/
                                    BRYAN BARBER
                                    Counsel for Defendants
                                    Employers Insurance of Wausau and
                                    Nationwide Indemnity Company

DATED: March 9, 2015          DENTONS US LLP

                              By:   /s/
                                    SONIA MARTIN
                                    Counsel for Defendants
                                    Employers Insurance of Wausau and
                                    Nationwide Indemnity Company

/ / /

1   FILER'S ATTESTATION:

2       Pursuant to Local Rule 5-1(i)(3) regarding signatures, I attest under penalty of perjury that

3   the concurrence in the filing of this document has been obtained from its signatories.

4       DATED: March 10, 2015    By:   /s/

5                                                   BRIAN R. PAGET

7   <u>ORDER</u>

8       Having considered the parties' request, and good cause appearing, the Court hereby
9   GRANTS Plaintiffs' request to file more than two, and Defendants' request to file more than one,
10  motion for summary judgment or partial summary judgment in this action.

11      Plaintiffs and Defendants may file cross motions for summary judgment or partial
12  summary judgment by April 24, 2015.  The parties' opposition papers are due by May 22, 2015.
13  The parties' reply papers, if any, are due by June 5, 2015. The parties shall meet and confer to
14  decide on a date and time for a hearing when both motions shall be heard together.  These dates
15  are without prejudice to the parties' rights under Rule 56 to ask the Court for an extension of time
16  for the parties to brief, or for the Court to hear or decide, the motions in order to allow the parties
17  additional time to investigate, gather evidence, conduct discovery, etc., and to present additional
18  evidence to the Court in connection with such motions.

19      PURSUANT TO STIPULATION, IT IS SO ORDERED.

21      Date: March 11, 2015



-4-                          Case No. 3:14-cv-1671-JST
STIPULATION AND (<s>PROPOSED</s>) ORDER RE: CROSS MOTIONS FOR SUMMARY JUDGMENT