UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD E. HASKINS, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>EMPLOYERS INSURANCE OF WAUSAU, et al.,<br><br>　　　　Defendants. | Case No. 14-cv-01671-JST<br><br>**ORDER DENYING MOTION FOR ENTRY OF FINAL JUDGMENT**<br><br>Re: ECF No. 92 |

　　　Before the Court is Defendants' Motion for Entry of Final Judgment. For the reasons set forth below, the Court will deny the motion.

**I.　BACKGROUND**

　　**A.　Factual Background**

　　　The factual background of this case is well known to the parties and has been discussed at length by the Court in its previous orders on the parties' motions for summary judgment. See ECF No. 58 at 1–2; ECF No. 79 at 1–5.

　　**B.　Procedural Background**

　　　On February 23, 2015, the Court granted Plaintiffs' motion for partial summary judgment that the liability insurer of their property, Defendant Employers Insurance of Wausau ("Wausau"), owed Plaintiffs a duty to defend against a counterclaim filed against them in an underlying environmental cleanup action. ECF No. 58. On August 26, 2015, the Court denied Plaintiffs motion for summary judgment that Wausau breached its duty to defend them against the underlying action, concluding that "Wausau fully satisfied its duty to defend by undertaking a defense of the counterclaim following a reasonable investigation into coverage and negotiating a settlement that would have dismissed all claims for past costs with prejudice." ECF No. 79 at 15. In that same order, the Court granted Wausau's motion for partial summary judgment that it did

1 not breach its duty to defend and that Plaintiffs assumed the responsibility for their own defense
2 by breaching the cooperation and no voluntary payments provisions of the policies. Id. at 15–16.
3 On November 6, 2015, Defendants filed a motion for entry of final judgment, ECF No. 92, which
4 motion the Court now considers.

## II.   LEGAL STANDARD

Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is sufficient evidence for a reasonable factfinder to find for the non-moving party, and "material" only if the fact may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49 (1986). The Court may grant summary judgment as to a "part of each claim or defense" provided no genuine dispute of material fact exists and the movant is entitled to judgment as a matter of law as to that part of the claim or defense. Fed. R. Civ. P. 56(a). Absent circumstances not at issue here, see Fed. R. Civ. P. 54(b), "final judgment is not entered in an action until all claims have been resolved." Estate of Kligge v. Fid. Mortgage of California, No. 05-cv-1519, 2006 WL 3649340, at *1 (E.D. Cal. Dec. 12, 2006).

## III.   DISCUSSION

Wausau's motion for entry of final judgment argues that the Court's August 26, 2015 order granting Wausau's motion for partial summary judgment "effectively resolved plaintiffs' remaining claims for relief in defendants' favor." ECF No. 92 at 8. As a result, Wausau moves the Court to enter final judgment in their favor as to all claims asserted in the Complaint.

The Complaint asserts five claims for relief: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing based on a breach of duty to defend; (3) satisfaction of judgment pursuant to California Insurance Code section 11580(b)(2); (4) breach of the implied covenant of good faith and fair dealing based on failure to pay judgment; and (5) declaratory relief. ECF No. 1. The parties agree that claims 3 and 4 have been fully resolved in Defendants' favor. See ECF No 92 at 7; ECF No. 96 at 11. Accordingly, the Court need only

determine whether claims 1, 2, and 5 have been fully resolved by the Court's prior summary judgment orders.

### A.  Claim 1: Breach of Contract

Wausau argues that the Plaintiffs' breach of contract claim has been fully resolved because the Court's August 26, 2015 summary judgment ruling concluded that Wausau "did not breach its duty to defend." ECF No. 92 at 5 (quoting ECF No. 79 at 15). Plaintiffs counter that the breach of contract claim has not been fully resolved because the Court's prior rulings have not addressed Wausau's liability for defense costs, which liability exists independent of a breach of the duty to defend. ECF No. 96 at 12. In response, Wausau contends that it paid Plaintiffs $12,130.23 "to reimburse plaintiffs for costs they allegedly incurred to defend the counterclaim prior to Wausau's notification that it was negotiating a settlement of the counterclaim on plaintiffs' behalf." ECF No. 92 at 5.

The Court agrees with Plaintiffs' basic argument that the Court's prior order did not resolve the issue of the amount of defense costs. While the Court has already determined that Wausau did not breach its contractual duties by failing to defend Plaintiffs, the Court has not yet determined the extent to which Wausau may have breach its contract with Plaintiffs by failing to pay Plaintiffs' defense costs prior to Wausau's assumption of the duty to defend. Moreover, the Court concludes that, as was the case in the parties' previous briefing, "[n]either party explains its proposed figures with sufficient detail for the Court to rule as to whether Wausau has compensated Plaintiffs for defense costs incurred prior to Wausau's assumption of the duty to defend." ECF No. 59 at 15 n.3. In particular, it is unclear what time period the $12,130.23 paid to Plaintiffs by Wausau is alleged to have covered. Accordingly, the Court concludes that judgment cannot be entered regarding the issue of defense costs and that this issue must be decided at trial.

### B.  Claim 2: Breach of the Implied Covenant of Good Faith

Plaintiffs' bad faith claim is premised entirely on an alleged breach of the duty to defend. See ECF No. 1 at 8 ("Breach of the Implied Covenant of Good Faith and Fair Dealing *Based on a Breach of the Duty to Defend*") (emphasis added); id. ¶¶ 56–60. The Court has already concluded that Wausau did not breach its duty to defend Plaintiffs. ECF No. 79 at 15. Accordingly,

3

Plaintiff's bad faith claim fails.[1]

This conclusion compels the Court to also reject Plaintiffs' claims for Brandt fees and punitive damages.  First, because Brandt fees require a finding of bad faith, see Brandt v. Superior Court, 37 Cal. 3d 813, 817 (1985), the Court concludes that Wausau is not liable for Brandt fees. Plaintiffs' prayer for punitive damages likewise fails because Plaintiff seeks punitive damages only with respect to Plaintiffs' bad faith claims, see ECF No. 1 at 12, which claims have been resolved in Wausau's favor.  See Her v. State Farm Ins. Co., 92 F. Supp. 3d 957, 957 (E.D. Cal. 2015) (quoting Helus v. Equitable Life Assur. Soc'y of the U.S., 309 F. Supp. 2d 1170, 1185 (N.D. Cal. 2004)) ("'[W]ithout a bad faith claim, there can be no punitive damages claim.'" ).

### C. Claim 5: Declaratory Relief

Plaintiffs' fifth claim asks the Court to determine the parties' rights and duties with respect to each other,

> including a declaration (1) that Wausau had a duty to defend Haskins against the Counterclaim under the insurance policies at issue in this litigation; (2) that Wausau breached that duty; (3) that such breach was unreasonable and in bad faith; (3) that Wausau is liable to Haskins for all contract and tort damages resulting therefrom; (4) that Wausau has a duty to the Remediation Trust to pay the Stipulated Judgment; (5) that Wausau has breached and continues to breach that duty; (6) that such breach was and is unreasonable and in bad faith; (7) that Wausau is liable to the Remediation Trust for all contract and tort damages resulting therefrom; (8) that is liable that Wausau is liable to Haskins (including the Remediation Trust) for all costs, including attorneys' fees, incurred and to be incurred by it to obtain the benefits it was and is entitled to under such policies (i.e., Brandt fees); and (9) that Nationwide is responsible to pay all of Wausau's liabilities.

ECF No. 1 ¶ 81.  The Court has already ruled that Wausau had a duty to defend Plaintiffs, ECF No. 58, and that Wausau did not breach that duty, ECF No. 79.  Each of the remaining categories

---

[1] Plaintiffs argue that "[d]espite the Court's prior rulings, there are two bases upon which Wausau could potentially be held liable to Plaintiffs for breaching the implied covenant of good faith and fair dealing. . . . The first is for withholding and delaying payment of Plaintiffs' defense costs in the underlying suit, and the second is for attempting to pay Cherokee to dismiss *without prejudice* its claim against Plaintiffs in the underlying suit." ECF No. 96 at 13–14 (emphasis in original). While such claims could hypothetically be raised in another case, the Court concludes that the Complaint here cannot be fairly construed to cover bad faiths claims based on conduct other than an alleged breach of the duty to defend.  See ECF No. 1 ¶¶ 56–60 (alleging bad faith based solely on Wausau's breach of its duty to defend).

of declaratory relief sought by Plaintiffs either relies on the alleged breach of a duty to defend or on Wausau's alleged duty to pay the Stipulated Judgment.  Because the parties agree that both of these issues have already been resolved by prior court order, the Court concludes that Plaintiff's fifth claim has been resolved in its entirety.[2]

**CONCLUSION**

For the foregoing reasons, the Court denies Wausau's motion for entry of final judgment.

IT IS SO ORDERED.

Dated:  March 17, 2016

_____
JON S. TIGAR
United States District Judge

---

[2] The parties also agree that each of Defendants' counterclaims have been resolved.  ECF No. 92 at 8; ECF No. 96 at 17.