BRYAN BARBER (State Bar No. 118001)
BARBER LAW GROUP
525 University Avenue, Ste. 600
Palo Alto, CA  94301
Telephone:  (415) 273-2930
Facsimile:   (415) 273-2940
Email:  bbarber@barberlg.com

SONIA MARTIN (State Bar No. 191148)
DENTONS US LLP
525 Market Street, 26th Floor
San Francisco, CA  94105
Telephone:  (415) 882-5000
Facsimile:   (415) 882-0300
Email:  sonia.martin@dentons.com

Attorneys for Defendants and Counterclaimants
EMPLOYERS INSURANCE OF WAUSAU
and NATIONWIDE INDEMNITY COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| RICHARD E. HASKINS, as an individual and as a trustee of the San Bruno Channel Remediation Trust; ARTHUR L. HASKINS, an individual; and ESTATE OF ARTHUR "BUZZ" HASKINS, JR., DECEASED, a deceased individual, by and through his successors in interest, Richard E. Haskins and Arthur L. Haskins,<br><br>　　　　　　Plaintiffs,<br><br>　　vs.<br><br>EMPLOYERS INSURANCE OF WAUSAU, a Wisconsin corporation; NATIONWIDE INDEMNITY COMPANY, an Ohio corporation; and DOES 1-100,<br><br>　　　　　　Defendants. | No. 3:14-cv-01671-JST<br><br>[PROPOSED] JUDGMENT |

Case No. 3:14-cv-01671-JST                                                                                          [Proposed] Judgment

1

This matter comes before the Court on the parties' Stipulation for Entry of Final Judgment.

## I.   BACKGROUND

### A.   Factual Background

The factual background of this case has been discussed at length by the Court in its previous orders on the parties' motions for summary judgment. *See* ECF No. 58 at 1-2; ECF No. 79 at 1-5.

### B.   Procedural Background

On February 23, 2015, the Court granted Plaintiffs' motion for partial summary judgment that Plaintiffs' liability insurer, Defendant Employers Insurance of Wausau ("Wausau"), owed Plaintiffs a duty to defend against counterclaims filed against them in an underlying environmental cleanup action. ECF No. 58. On August 26, 2015, the Court denied Plaintiffs' motion for summary judgment that Wausau breached its duty to defend them against the underlying action, concluding that "Wausau fully satisfied its duty to defend by undertaking a defense of the counterclaim following a reasonable investigation into coverage and negotiating a settlement that would have dismissed all claims for past costs with prejudice." ECF No. 79 at 15. In the same Order, the Court granted Wausau's motion for partial summary judgment that Wausau did not breach its duty to defend and that Plaintiffs assumed the responsibility for their own defense by breaching the cooperation and no voluntary payments provisions of the insurance policies. *Id.* at 15-16.

On November 6, 2015, Defendants filed a motion for entry of final judgment. ECF No. 92. The Court denied the motion for entry of final judgment. ECF No. 106. The Court noted that the Complaint asserts five claims for relief: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing based on a breach of the duty to defend; (3) satisfaction of judgment pursuant to California Insurance Code section 11580(b)(2); (4) breach of the implied covenant of good faith and fair dealing based on failure to pay judgment; and (5) declaratory relief. *Id.* at 2. The Court further noted, "The parties agree that claims 3 and 4 have been fully resolved in Defendants' favor. *See* ECF

No. 92 at 7; ECF No. 96 at 11." *Id.* at 2. The Court concluded that with respect to Plaintiffs' first claim for relief alleging breach of contract, "While the Court has already determined that Wausau did not breach its contractual duties by failing to defend Plaintiffs, the Court has not yet determined the extent to which Wausau may have breached its contract with Plaintiffs by failing to pay Plaintiffs' defense costs prior to Wausau's assumption of the duty to defend." *Id.* at 3. With respect to claim 2, the Court concluded that Plaintiffs' bad faith claim, including the claims for *Brandt* fees and punitive damages, fails as a result of the Court's prior ruling that Wausau did not breach its duty to defend Plaintiffs. *Id.* at 3-4. With respect to claim 5, the Court ruled that Plaintiffs' claims for declaratory relief had already been resolved by prior Court orders. *Id.* at 4-5. Accordingly, the only unresolved claim is the amount of the necessary and reasonable defense fees and costs Plaintiffs incurred from the date Plaintiffs tendered the defense of the counterclaim to Wausau until Wausau assumed the duty to defend.

### C. Partial Settlement Agreement Between the Parties.

In their Joint Motion for Entry of Final Judgment, the parties have informed the Court that on June 24, 2016, they settled their dispute regarding Wausau's payment of the necessary and reasonable defense fees and costs Plaintiffs incurred from the date Plaintiffs tendered the defense of the counterclaim to Wausau until Wausau assumed the duty to defend. Pursuant to the terms of the settlement agreement, Plaintiffs have agreed to release Defendants from all claims for attorneys' fees and costs incurred by Plaintiffs from January 30, 2012 to August 10, 2012 in the underlying environmental action.

## II. JUDGMENT

Based upon the Court's prior summary judgment orders (ECF Nos. 58 & 79) and the parties' settlement of the only triable issue not previously resolved by those orders, the Court concludes that it is appropriate to enter a final judgment in this action as follows:

1. Wausau owed a duty to defend Plaintiffs against Cherokee's counterclaims in the underlying action. ECF No. 58.

2. Wausau did not breach its duty to defend Plaintiffs. Wausau fully satisfied its duty to defend by undertaking a defense of the counterclaim following a reasonable investigation into coverage and negotiating a settlement that would have dismissed all claims for past costs with prejudice. ECF No. 79 at 15.

3. Plaintiffs breached the cooperation and no voluntary payments provisions of the policies. Therefore, Plaintiffs assumed responsibility for the costs of their own defense. ECF No. 79 at 15.

4. The parties have settled Plaintiffs' claim for defense costs incurred by Plaintiffs prior to Wausau's assumption of the duty to defend. Plaintiffs' claims seeking payment for defense costs incurred prior to August 10, 2012 are therefore dismissed.

5. Judgment is entered in favor of Defendants on Plaintiffs' second cause of action alleging breach of the implied covenant of good faith and fair dealing based on a breach of the duty to defend, including Plaintiffs' claims for *Brandt* fees and punitive damages. ECF No. 106 at 3-4.

6. Judgment is entered in favor of Defendants on Plaintiffs' third cause of action requesting satisfaction of judgment pursuant to California Insurance Code section 11580(b)(2). ECF No. 106 at 2.

7. Judgment is entered in favor of Defendants on Plaintiffs' fourth cause of action alleging breach of the implied covenant of good faith and fair dealing based on failure to pay judgment. ECF No. 106 at 2.

8. With respect to Plaintiffs' fifth cause of action requesting declaratory relief, the Court rules that Wausau had a duty to defend Plaintiffs against the counterclaims in the underlying action and that Wausau did not breach that duty. Each of the remaining categories of declaratory relief sought by Plaintiffs either relies on the alleged breach of a duty to defend or on Wausau's alleged duty to pay the stipulated judgment. ECF No. 106 at 4-5. Judgment is entered in favor of Defendants on those claims.

9. Judgment is entered in favor of Plaintiffs on Defendants' second counterclaim alleging that Plaintiffs waived or are estopped from asserting a claim that Wausau owed Plaintiffs a duty to defend them against the counterclaims in the underlying action. ECF No. 58; ECF No. 106 at 5, fn. 2.

10. Defendants' other two counterclaims are dismissed as moot. ECF No. 106 at 5, fn. 2.

IT IS SO ORDERED.

Dated: August 2, 2016



IT IS SO ORDERED

Judge Jon S. Tigar